ARMEROD DUCKWORTH *vs.* JAMES H. DIGGLES.

Middlesex.   Jan. 22. — Feb. 26, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
                                 absent.

Evidence that a party to a cause, which had been submitted to a referee by agree-
   ment of parties and under a rule of court, suffered the hearing to proceed with-
   out objection after he knew that the referee had conversed with the adverse
   party and investigated some of the facts *ex parte*, will warrant a finding that he
   waived the irregularity; and, after the award of the referee has been made, it
   is too late for him to object, on this ground, to its acceptance.

CONTRACT for work and labor.   In the Superior Court the
case was submitted to a referee, by agreement of parties and
under a rule of court, whose judgment was to be final.   The
referee found in favor of the plaintiff.   At the hearing before
*Pitman*, J., on motion of the plaintiff for acceptance of the
award and for judgment, the following facts appeared:

At the referee's examination of the matters submitted to him,
which continued at intervals through a period of four weeks,
neither party was represented by counsel; and neither the plain-
tiff, the defendant, nor the referee is a lawyer.   The first noti-
fication given the defendant was contained in a letter of the
referee, enclosing a copy of the plaintiff's bill for $5330.54, and
saying: " If you have anything to say why you should not pay
these charges, I should like to hear from you.   I should prefer
you should treat these items separately.   If you would prefer an
interview, please let me know when you will be in Lowell.   I
shall have no time except after 7 P. M.   Does the bill for goods
invoiced agree with the invoices from the bleachery?"   The
defendant answered, requesting the items of which the sum of
$5330.54 was made up.   The referee replied enclosing a second
copy of the bill, and saying: " I have yours of the 19th, calling
for the items of invoice $5330.54.   I shall not send the items.
I want to know from you if the invoice is correct.   If it is
not correct, I want your objections and your items of objections,
if you think it necessary to explain your view of the matter.
. . . . Your neglect to reply to enclosed items contained in Mr.
Duckworth's bill, or satisfactorily account to me why they should
not be there, will compel me to assume they are correct.   I

want to do what is right for both, and if you have any facts you must give them to me at once and avoid delay and a long correspondence. I shall try and get the matter out of my hands as soon as possible."

The defendant testified that he was surprised at the notifications received by him, and at the sharp refusal to furnish him with the particulars of the plaintiff's case, as submitted to the referee; but that, assuming and taking for granted that the referee had been informed as to the proper and legal method of discharging the duty imposed upon him, he complied so far as he was able with the demands of the referee, until an interview wherein the referee informed him that he had heard the plaintiff separately, and had intended to hear him (the defendant) so, and to make up his finding without any meeting of the plaintiff and defendant.

The referee, who was called as a witness by the plaintiff, denied that he told the defendant that he had heard the plaintiff separately, but testified as follows: " Previous to hearing the case, I had both parties make their statements. That was before the reference. After I was appointed referee, I called on Duckworth for his written charges against Diggles. I was careful to avoid any talk with him. I thought it would not be right to either party to hear the other alone. I did not hear any talk from Duckworth except in presence of Diggles. In reply to my letter, Duckworth sent his bill, which I sent to Diggles. Duckworth also furnished me with the particulars of his items, the bundle of invoices. Diggles had an opportunity of inspecting the invoices. I knew he had them in his hands. My first intention was not to see the parties, but to do the matter by correspondence, as the quickest way. The interviews were granted afterwards at the request of Diggles. I did not hear Duckworth separately on his case at any time. I was not conscious of any bias."

There was also evidence tending to show that, after the request for an oral hearing was granted, the parties were heard together as fully as they desired; also that, after the award was filed, the defendant submitted a paper to the referee containing a modification of the report, with a request that he would sign and annex it to the award as a part thereof.

The account annexed to the plaintiff's declaration contained a number of items dated and due after the date of the writ, all of which items were submitted to the referee; and the defendant moved to reject or recommit the award, on the ground that it was incomplete in not stating whether or not there was any sum due the plaintiff at the time of bringing his writ, and that it did not afford any basis for the court to award costs therein, inasmuch as, by the agreement of parties, not only the plaintiff's case, but the performance or non-performance of the contract between them subsequent to the date of the writ, was submitted to the referee.

The defendant requested the judge to rule, as matter of law, that the referee's conduct was an insufficient compliance with the order of court, and rendered void his finding, in that the referee had proceeded *ex parte* in receiving the plaintiff's case before notifying the defendant; also that the referee's letters and conduct were such as to justify the court in finding the referee, partial, and incapacitated for the discharge of the duty imposed upon him, and that it was in the discretion of the court to refuse to accept the award of the referee. But the judge found that the defendant had waived any objections thereto by going on with the hearing after knowledge thereof, and refused the request. The defendant alleged exceptions.

*G. F. Lawton & F. Lawton,* for the defendant.

*A. G. Lamson,* for the plaintiff.

C. ALLEN, J. Although the course taken by the referee appears to have been irregular, the evidence was sufficient to warrant the finding of the presiding judge, that the defendant had waived any objections thereto, by going on with the hearing after knowledge thereof; and, upon that finding, the case falls within the principle of *Fox* v. *Hazelton,* 10 Pick. 275, and *Kent* v. *Charlestown,* 2 Gray, 281.                    *Exceptions overruled.*