LLOYD A. TILLINGHAST & WILLIAM D. FLAGG, Copartners, *vs.*
BENJAMIN F. GILMORE.

One copartner signed a submission to an arbitration and award in the copartnership name. It did not appear that his copartner authorized the signature or ratified it before the award was made.

An award was made in favor of the copartnership. In *assumpsit* on the award:

*Held*, that the award was null.

*Held*, further, that it could not be ratified by the copartner, after it was made, so as to become binding on the other party to the submission.

DEFENDANTS' petition for a new trial.

*June* 29, 1891. MATTESON, C. J. The plaintiffs sue in *assumpsit* on an award. The suit was brought originally in the district court of the sixth judicial district, and was taken by appeal to the Court of Common Pleas. At the trial in the latter court it appeared that Lloyd A. Tillinghast, one of the plaintiffs, signed the agreement of submission on their part with the firm name, but it did not appear that he had authority from his copartner to do so, or that his copartner had assented to, approved, or ratified the submission prior to the award. The defendant requested the court to instruct the jury that in this state of the proof the plaintiffs could not recover. The court declined to so instruct the jury, and they returned a verdict for the plaintiffs. The defendant, having duly excepted to the ruling of the court, declining to give the instruction requested, now petitions for a new trial for alleged error in such ruling.

It seems to be settled by the weight of authority that one partner has no implied power, by virtue of the partnership, to bind his copartner by a submission to arbitration. Bates Law of Partnership, § 336, and cases collected in note 4. The reasons for the rule as usually stated are, that such a power is not necessary for the conduct of the partnership business ; that the power of a partner is necessarily broad, and, therefore, ought not to be extended beyond what is necessary ; that to permit a partner to enter into a submission to arbitration, and to bind his copartner thereby, would enable him to withdraw, without his copartner's consent, the determination of controverted rights involving, perhaps, important interests of the partnership from the ordinary tribunals, and to bind by an award, not only the joint property, but also the individual property of his copartner. A submission to arbitration, therefore, signed by one partner only, does not bind his copartner, unless authority from the copartner to sign it, or his subsequent assent or ratification, be shown. And it seems that such assent or ratification must be prior to the making of the award, or the award will be invalid. In Morse on Arbitration and Award, page 8, it is said, " It will be too late for the non-signing partner to come forward and ratify after an award in his favor has been rendered, and thereby entitle himself to obtain the benefits of the award,

when he has taken no part in the previous proceedings whereby he could have been held bound by it had it been against him." And see, also, *Eastman* v. *Burleigh*, 2 N. H. 484. The reason that an award upon a submission signed by only one partner, without authority from his copartner to sign it, or without such copartner's assent or ratification, prior to the making of it, is invalid, is because there is no mutuality between the parties. As in such a case the partner who signs the submission is alone bound, the other partner is at liberty to sue upon the claim without regard to the award. Hence, if the adverse party performed the award, nevertheless he is liable to be sued by the other partner upon the original claim. The award, therefore, lacks that mutuality which the law deems essential to its validity, and is regarded as a nullity.

It has been suggested that the subsequent bringing of a suit upon such an award, in which both partners join, as in the present case, might be regarded as a ratification of the award and supply the mutuality which would otherwise be lacking, inasmuch as the non-signing partner would thereby be estopped from afterwards disputing the validity of the award. The difficulty with this suggestion is, that the award is void, and, being void, is incapable of ratification.

We think the court erred in declining to instruct the jury in accordance with the defendant's request, and grant the petition for a new trial.

*Simon S. Lapham*, for plaintiff.

*Jacob W. Mathewson*, for defendant.