HARRY W. HOFFMAN v. CHARLES G. WESTLECRAFT, SUR- VIVING PARTNER, &c.

Submitted December 4, 1913—Decided March 4, 1914.

1. A submission to arbitration executed by a partner on behalf of himself and his co-partner is not binding on the latter unless executed by his express authority.
2. A judgment against a surviving partner, as such, affects both the interest of a deceased partner in the partnership assets, and ultimately his individual assets, and therefore, if based on a submission to arbitration which did not bind him, is irregular.

On rule to show cause why verdict directed for plaintiff should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *Fred A Pope.*

For the defendant, *Winfield S. Angleman.*

The opinion of the court was delivered by

PARKER, J. In a previous suit brought by the present plaintiff against the defendant and his now deceased partner, constituting the firm of J. Westlecraft & Son, there was a submission to arbitration executed by the plaintiff and the present defendant purporting to bind his firm, and the sub- mission was made a rule of court, pursuant to the statute. *Comp. Stat., p.* 103, § 1. The award, when made, was filed in the suit, and plaintiff moved for final judgment thereon,

but his motion was denied on the ground that proper practice did not authorize such a step. *Hoffman* v. *Westlecraft*, 79 *Atl. Rep.* 318. Following the suggestion then made, plaintiff brought the present suit upon the award; and at the trial a verdict was directed in his favor and the present rule to show cause allowed.

The fundamental difficulty that we find in this record is that although Judson Westlecraft, the deceased partner, never executed the submission, and was not bound by it, the judgment, if entered on this verdict in the present state of the record, will be effective, not only against his interest in the partnership property, but in the last resort against his individual assets. The submission was signed by Charles G. Westlecraft purporting to bind the firm, but there is no proof of his authority to commit Judson to this arbitration, and partnership agency does not extend to the submission of controversies to arbitration. *Karthaus* v. *Yllas Y. Ferrer,* 1 *Pet.* 222; *Horton* v. *Wilde,* 8 *Gray* 425; *Tillinghast* v. *Gilmore,* 17 *R. I.* 413; 22 *Atl. Rep.* 942; 30 *Cyc.* 517. It may well be that the executing partner may bind himself by such submission, but he cannot bind his partners without express authority.

That a judgment against one as a surviving partner will in due course reach the interest and estate of the deceased partner is well settled. 30 *Cyc.* 644; see *Greene* v. *Butterworth,* 18 *Stew. Eq.* 738. So, while on a proper case being made out, a binding award could be made on a submission so signed, as against Charles G. Westlecraft, personally, it was error on the part of the arbitrator to make an award affecting the estate of Judson unless it appeared that he had expressly authorized Charles to sign the submission; and it was likewise error of the trial court in permitting, let alone directing, a verdict that would involve the estate of Judson.

This necessitates a new trial, and to that end the rule to show cause will be made absolute. Some of the other points argued, however, may be briefly noticed.

Although the time limit set by the submission may have expired, we see no valid reason why a party actually executing

the submission may not expressly or by implication extend that time, as by attending before the arbitrator without objection and proceeding with the case; nor why the normal effect of a delay of the arbitrator in qualifying may not likewise be waived. *Montague* v. *Smith,* 13 *Mass.* 396, 401; *Hewitt* v. *Lehigh and Hudson River Railroad Co.,* 12 *Dick. Ch. Rep.* 511. The principle seems applicable generally to matters that will vitiate the award, as partiality of an arbitrator known to the party before the award was made. *Fox* v. *Hazleton,* 10 *Pick.* 275; *Duckworth* v. *Diggles,* 139 *Mass.* 51.

It is claimed that the award is void as exceeding the terms of the submission, which restricted it to certain specified claims, whereas the award covered all matters of difference between the parties. The rule is settled in this court that in such case the award is good as to matters within the submission. *Rogers* v. *Tatum,* 1 *Dutcher* 281, 283.

We think a copy of the award, certified by the clerk, was incompetent as evidence. The original should have been produced, by subpœna *duces tecum,* if necessary, or a proper foundation laid for secondary evidence. 3 *Cyc.* 785, 786, *note* 46.

We consider that the trial court properly refused to consider an alleged previous award embracing the same subject-matter. The rule appears to be rigidly enforced, that in an action upon the award a court will not consider proof that the same matters were embraced in a prior award, and that the only remedy in such case is by applying to set aside the award. *Hoagland* v. *Veghte,* 3 *Zab.* 92, 97; *Ruckman* v. *Ramson,* 6 *Vroom* 565, 571.

Let the rule to show cause be made absolute.