45 N.J. Super. 438 (1957)
133 A.2d 24
HAROLD ROSA, PLAINTIFF-RESPONDENT,
v.
TRANSPORT OPERATORS CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1957.
Decided June 24, 1957.
*440 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Bernard Chazen argued the cause for appellant (Messrs. Baker, Garber & Chazen, attorneys; Mr. Nathan Baker, of counsel; Mr. Chazen, on the brief).
Mr. Seymour Margulies argued the cause for respondent (Mr. Malcolm J. Robbins, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff sued to recover back pay alleged to be due him as a result of his wrongful discharge and pursuant to an arbitration opinion and award of the New Jersey State Board of Mediation. Defendant counterclaimed for damage to its vehicles as a result of plaintiff's negligence. The county district court dismissed the counterclaim on plaintiff's motion before the submission of proof by defendant, and entered judgment of $632.72 for plaintiff on his claim and in his favor on the counterclaim. Although defendant appealed from the whole of the judgment, it does not press its appeal as to the back pay allowed plaintiff, but only questions the propriety of the dismissal of its counterclaim. The appeal comes before us on the trial court's statement of evidence, R.R. 1:6-3, and its findings of fact and conclusions of law.
Defendant is engaged in the trucking business. At the time of his discharge plaintiff had been in defendant's employ for some 3 1/2 years and was a member in good standing of Merchandise Drivers' Local No. 640, AFL-CIO, with whom defendant had a union contract. Defendant discharged plaintiff on July 15, 1955 and the matter was, in accordance with the labor agreement, submitted to an arbitrator appointed by the New Jersey Mediation Board. The broad issue submitted for arbitration was: "Was Harold Rosa *441 wrongfully discharged under provisions of the contract between the parties?" The arbitrator found that he was.
The "Opinion and Award" filed by the arbitrator indicates that at the arbitration hearing defendant claimed plaintiff was discharged for "abusing equipment." It charged that he had operated two tractors in such a way as to result in serious engine damage, and that such damage was caused by "deliberate action on the part of Rosa or, at least, by his extreme carelessness." After reviewing all the evidence the arbitrator stated he was unable to hold that plaintiff "was primarily responsible for the two incidents by deliberate action or by gross negligence," held the discharge wrongful, and ordered plaintiff's reinstatement.
The union contract provides that where an arbitrator finds an employee has been wrongfully discharged, the employee shall be reinstated, with back pay for time lost. Plaintiff was reinstated and eventually sued for 31 days' back pay, alleging defendant had failed to keep its promise to make payment. In finding for plaintiff on both the complaint and counterclaim, the county district court judge concluded that the arbitration opinion and award "encompassed all matters pertaining to plaintiff's wrongful discharge and its alleged cause therefor," and that it was final and binding on all the parties under the express provisions of the labor agreement, and accepted by them as such.
Defendant contends that the trial court erred in dismissing its counterclaim for negligence on the theory that it was barred by the arbitration award, where the issue of negligence had not been within the scope of the submission to or findings of the arbitrator. As we have already noted, the single issue submitted to arbitration was whether plaintiff had been wrongfully discharged under the provisions of the existing agreement between defendant and plaintiff's union. The question of plaintiff's liability for damage to defendant's tractors was neither submitted to the arbitrator nor considered by him, so that his award was not dispositive of that question. An award operates to merge and bar only such matters as were comprehended *442 within the scope of the submission and passed on by the arbitrator. Carhal Factors, Inc., v. Salkind, 5 N.J. 485, 489 (1950); Hoffman v. Westlecraft, 85 N.J.L. 484, 486 (Sup. Ct. 1914); Lee's Ex'x. v. Dolan's Adm'x., 39 N.J. Eq. 193, 195 (Ch. 1884); Rogers v. Tatum, 25 N.J.L. 281, 282 (Sup. Ct. 1855); 6 C.J.S. Arbitration and Award § 96(b), p. 242 (1937); 3 Am. Jur., Arbitration and Award, § 132, p. 955 (1936).
Plaintiff argues that the issue of negligence, upon which the present claim for damages rests, was necessarily included within the broader issue of "wrongful discharge" submitted to arbitration, since if negligence on his part had been present, his discharge would not have been found to be wrongful, citing the general language of 35 Am. Jur., Master and Servant, § 41, p. 475 (1941). But this presupposes that the arbitrator, in rendering his decision, considered that such was the rule of law  as to such rule we make no comment  and that he was bound by it. The assumption is not valid. We recognize that an arbitrator does not always decide a case according to strict legal principles, but sometimes according to his own concept of what is just and right, and in such cases the courts will not disturb his decision except for very cogent reasons. Collingswood Hosiery Mills, Inc. v. American Federation of Hosiery Workers, 31 N.J. Super. 466, 471 (App. Div. 1954); Hoboken Mfrs. R. Co. v. Hoboken R.R., etc., Co., 132 N.J. Eq. 111, 119 (Ch. 1942), affirmed 133 N.J. Eq. 270 (E. & A. 1943). But there is not the slightest mention anywhere in the arbitrator's opinion and award of the legal principle projected by plaintiff. The arbitrator did not deal with the question of whether the discharge was wrongful because of the employee's negligence; his concern was with possible deliberate or malicious action by plaintiff resulting in damage to defendant's equipment. His finding of plaintiff's freedom from deliberate misconduct or gross negligence does not negate the presence of simple negligence, cf. Wegiel v. Hogan, 28 N.J. Super. 144, 152 (App. Div. 1953), and hence cannot bar an action based upon it.
*443 In its answering brief plaintiff raises a new issue and argues that since defendant could have asserted its claim for damages in the arbitration proceeding, it is now precluded from doing so. He recognizes that this argument should have been made in the court below, but asks that the point be considered on the ground that if the reasons assigned for the dismissal of the counterclaim were perhaps incorrect, nonetheless the judgment may be sustained for the reason he now advances. His argument is that the union contract provides for arbitration of "any dispute" concerning the application or interpretation of any of its provisions or "any term or condition of employment, or otherwise." Accordingly, defendant should have presented its claim to the arbitrator, since it arises out of the same factual background.
To this there are two answers. In the first place, nothing in the labor agreement makes the company's right to recover damages for an employee's alleged negligence an arbitrable matter. Nor can such a claim be considered a "dispute" concerning the application or interpretation of "any term or condition of employment"  the language of the union contract. The ordinary significance accorded the word "dispute," in the context of the usual labor agreement, is a controversy over wages, hours, working conditions or terms of employment, 28 A.L.R.2d 287, 297 (1953), and not a claim for damages based on an employee's negligence. Cf. 56 C.J.S., Master and Servant, § 28(72), p. 254 (1948). Our attention has been directed to nothing in the labor agreement here in question which indicates otherwise.
The second answer to plaintiff's point is one already discussed: the submission defined the outer limits of the arbitrator's authority. He was asked to determine whether plaintiff's discharge had been wrongful, and nothing more. He could not adjudicate an issue not submitted.
It may be that plaintiff, without citing it, is invoking the mandatory counterclaim rule, R.R. 4:13-1. That rule is altogether inapplicable, if only for the reason that there was no "liquidated debt or demand, or a debt *444 or demand capable of being ascertained by calculation," to be "set off" in the arbitration proceeding. But that aside, we would not compel a party to set off a claim of a sort the arbitration tribunal does not ordinarily adjudicate. The arbitrator here was not deciding money claims, but the propriety of a discharge, a question most intimately connected with the employment relation.
The judgment of the county district court is reversed, but as to the counterclaim only. The mandate will provide that no execution is to issue on the money judgment entered in plaintiff's favor for back pay until defendant's counterclaim has been determined. No costs.