**The D.L. AULD COMPANY, Plaintiff,**

v.

**PARK ELECTROCHEMICAL CORPORATION and Park Nameplate Co., Inc., Defendants.**

No. 81 Civ. 4086.

United States District Court,
E.D. New York.

Dec. 22, 1982.

Shea & Gould, New York City, for plaintiff.

Porter, Wright, Morris & Arthur, Columbus, Ohio, Biebel, French & Nauman, Dayton, Ohio, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The D.L. Auld Co. brings this patent infringement action against Park Electrochemical Corp. and its subsidiary, Park Nameplate Co., Inc. Park Electrochemical has moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint against it for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is granted in part and denied in part.

*Discussion*

Because matters outside of the pleadings have been presented by both parties and not excluded by the Court, pursuant to the last sentence of Rule 12(b) this motion shall be treated as one for summary judgment.[1] *See, e.g., Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1971). Therefore, before granting the relief requested, this Court must be satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this determination, the Court must resolve all ambiguities and reasonable inferences in favor of the party against whom summary judgment is sought. *Heyman v. Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1319 (2d Cir. 1975).

---

1. Since the briefs of both parties recognized the possibility of this motion being converted from Rule 12(b)(6) to Rule 56, *see* January 11, 1982 Memorandum of Park Electrochemical at p. 9 and Memorandum of Plaintiff at p. 22, this Court finds that all parties have been given "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).

In support of its motion, Park Electrochemical has submitted affidavits indicating that it does not manufacture, sell, or use the allegedly infringing product. Park Electrochemical also has submitted affidavits indicating that although Park Nameplate is a wholly-owned subsidiary, it is operated as a fully independent entity. Specifically, these affidavits detail the following factors regarding the independence of Park Nameplate.

On a day-to-day basis, Park Nameplate's business decisions are made by its own officers and employees, who operate out of headquarters separate from Park Electrochemical. *Hand Affidavit* at ¶ 2. The corporate records of Park Nameplate are separate and apart from those of Park Electrochemical, and Park Nameplate independently observes all of the legal requirements of incorporation. *Hand Affidavit* at ¶ 5; *First Shore Affidavit* at ¶ 9. Park Nameplate has its own employees and does not use any personnel from Park Electrochemical. *Hand Affidavit* ¶ 6. Park Nameplate maintains its own financial records, including its own cash reports, and files its own New York State franchise tax returns and New York City general corporation tax returns. *Hand Affidavit* at ¶ 7; *First Shore Affidavit* at ¶ 8. All employees of Park Nameplate are paid by a check issued from Park Nameplate, except for William Hand, the President, who is paid by Park Electrochemical so that his salary will be kept confidential. *Hand Affidavit* at ¶ 8. Machinery and other capital assets of Park Nameplate are specified and purchased by it. *Hand Affidavit* at ¶ 10. All payments to Park Nameplate are placed in a Park Nameplate depository account and all payments owed by Park Nameplate to others are paid from a Park Nameplate disbursing account. *Hand Affidavit* at ¶ 11. All decisions on the operating budget of the company, capital expenditures and operation of the manufacturing plant facility are made by officers of Park Nameplate. *Hand Affidavit* at ¶ 12.

In opposition to this motion, the plaintiff concedes that Park Electrochemical does not directly manufacture, sell, or use the allegedly infringing product, but argues that it should be held liable here because of its relationship with Park Nameplate. In this regard the plaintiff advances two theories. First, the plaintiff argues that Park Electrochemical so dominates the management of Park Nameplate that the subsidiary's separate corporate existence should be disregarded, i.e., that its "corporate veil" should be pierced. Second, the plaintiff argues that Park Electrochemical became so involved in negotiations with the plaintiff attempting to resolve the patent infringement claim here that it became an actor in this transaction, and as such is jointly liable with Park Nameplate. These two theories will be treated separately.

## I.

In order to prevail on its "piercing the corporate veil" theory, the plaintiff must establish that Park Nameplate was a "mere instrumentality" of Park Electrochemical. *Williams v. McAllister Bros., Inc.*, 534 F.2d 19, 21 (2d Cir.1976). *Accord, Fidenas AG v. Honeywell, Inc.*, 501 F.Supp. 1029 (S.D.N.Y.1980); *A.W. Fiur Co., Inc. v. Ataka & Co., Ltd.*, 71 A.D.2d 370, 422 N.Y. S.2d 419 (1st Dept.1979). This requires a showing that Park Electrochemical "actually dominates [Park Nameplate] such that the subsidiary has no existence of its own and that [Park Electrochemical] uses the corporate existence of [Park Nameplate] to perpetrate a fraud, resulting in an unjust loss to the claimant. *Williams v. McAllister Bros., Inc.*, 534 F.2d at 21. *Accord, CM Corp. v. Oberer Development Co.*, 631 F.2d 536 (7th Cir.1980); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1379 (10th Cir. 1980); *Publicker Industries v. Roman Ceramics*, 603 F.2d 1065, 1069 (3d Cir.1979); *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157 (7th Cir.1963); *In re Gibraltor Amusements, Ltd.*, 291 F.2d 22 (2d Cir.1961); *Fisser v. International Bank*, 282 F.2d 231 (2d Cir.1960); *Worldwide Carriers, Ltd. v. Aris Steamship Co., Ltd.*, 301 F.Supp. 64, 67 (S.D.N.Y.1968); *Lowendahl v. Baltimore & O.R. Co.*, 247 App.Div. 144, 287 N.Y.S. 62 (1st Dept.), *aff'd*, 272 N.Y.

360, 6 N.E.2d 56 (1936). *See generally* 1 W. Fletcher, *Cyclopedia of the Law of Corporations*, § 43 (Perm. ed.1974); 16 Am.Jur. Proof of Facts 2d 679.[2] Further, ownership of all of a subsidiary's stock, by itself, is an insufficient reason to disregard distinct corporate entities. *Williams v. McAllister Bros. Inc.*, 534 F.2d at 21; *Berkey v. Third Ave. Railway Co.*, 244 N.Y. 84, 155 N.E. 58 (1926). In order to overcome the "presumption of separateness" afforded related corporations, *Williams v. McAllister Bros. Inc.*, 534 F.2d at 22 (*quoting American Renaissance Lines, Inc. v. Saxis Steamship Co.*, 502 F.2d 674, 677 (2d Cir.1974)), actual domination of the subsidiary must be established. *Id. Cf. Port Chester Electric Const. Co. v. Atlas*, 40 N.Y.2d 652, 389 N.Y.S.2d 327, 357 N.E.2d 983 (1976).

In an attempt to meet its burden under Rule 56(e), plaintiff has submitted affidavits and exhibits identifying and documenting various indicia of control exercised by Park Electrochemical over Park Nameplate. Specifically, plaintiff has identified the following factors: Park Electrochemical owns all of the shares of Park Nameplate; Park Electrochemical has directors and officers in common with Park Nameplate; Park Electrochemical finances the operations of Park Nameplate; Park Electrochemical caused the incorporation of Park Nameplate; Park Electrochemical pays the salary of the President of Park Nameplate and funds any losses suffered by Park Nameplate; Park Nameplate is referred to consistently as a "division" or "facility" of Park Electrochemical; and officers of Park Nameplate must follow the orders of Park Electrochemical regarding significant business decisions.

Concededly, the factors cited by the plaintiff are relevant in determining whether the degree of control exercised by a parent over a subsidiary is sufficient to disregard the corporate entity. *See Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157 (7th Cir.1963); *Worldwide Carri-*

ers, Ltd. v. Aris Steamship Co.*, 301 F.Supp. 64 (S.D.N.Y.1968). Conspicuously absent from the plaintiff's "list" of relevant factors, however, are the following: the subsidiary has grossly inadequate capital, the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation, the parent corporation uses the property of the subsidiary as its own, and the formal legal requirements of the subsidiary are not observed. *See Steven v. Roscoe Turner Aeronautical Corp., supra; Worldwide Carriers, Ltd. v. Aris Steamship Co., supra.* These are precisely the factors of independence established by Park Electrochemical through its affidavits.

■ While no one factor or combination of factors is directly determinative on the question of control, this Court finds that the elements identified by the plaintiff, when considered in the light of the uncontroverted factors of independence established by Park Electrochemical, are insufficient as a matter of law to establish the degree of domination necessary to disregard Park Nameplate's corporate identity. Since no rational trier of fact could find on the basis of the plaintiff's allegations that Park Nameplate "has no existence of its own," *Williams v. McAllister Bros. Inc.*, 534 F.2d at 21, or is a mere "dummy" for Park Electrochemical, *A.W. Fiur Co. Inc. v. Ataka Co. Ltd.*, 71 A.D.2d 370, 422 N.Y.S.2d 419 (1st Dept.1979), there is no material issue of fact for trial on the question of control.

Further, the plaintiff has made no attempt here to show that Park Electrochemical used Park Nameplate to commit a fraud, or that the plaintiff would suffer an "unjust loss" if the corporate entity were not disregarded. *Williams v. McAllister Bros. Inc.*, 534 F.2d at 21. The plaintiff's failure to submit any proofs on these issues also would preclude a trier of fact from finding for the plaintiff on this question.

Since summary judgment "should not be denied where the only issues raised are friv-

---

**2.** *But see Milgo Electronic Corp. v. United Business Communications*, 623 F.2d 645, 659 (10th Cir.), *cert. denied*, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980) (fraud not a prerequisite, but some injustice must be shown).

olous or immaterial ones which would simply serve to provide an exercise in futility or a purposeless trial for the district court," *United States v. Matheson,* 532 F.2d 809, 813 (2d Cir.1976), summary judgment is granted as to the plaintiff's first theory of recovery against Park Electrochemical. *See, e.g., Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1379 (10th Cir.1980) ("[W]hile [the question of corporate control] is a fact question which should ordinarily be submitted to the jury, it need not be submitted if the evidence discloses no real question of fact."); *Fidenas AG v. Honeywell, Inc.,* 501 F.Supp. 1029, 1037 (S.D.N.Y.1980) (summary judgment granted because "[t]he asserted facts of the ... plaintiffs, even if they are accepted as true, seem insufficient to overcome the presumption of corporate separateness); *Noto v. Cia Secula di Armanento,* 310 F.Supp. 639, 647 (S.D.N.Y.1970) ("Where, as here, the solvency of the subsidiaries is unquestioned, where the outward indicia of corporate form have been carefully maintained, and where the corporate form has not been used to defraud, there is no equitable reason whatsoever to pierce the corporate veil.... Since affidavits have been submitted on the motions to dismiss for failure to state a claim, they are treated as motions for summary judgment under Rule 56 and are granted.")[3]

## II.

The plaintiff's second theory is that as to this particular transaction Park Electrochemical, primarily through its President, Jerry Shore, played such a major role in business discussions with the plaintiff attempting to resolve the patent dispute involved here that it became an actor directly in the transaction, and therefore is jointly liable with Park Nameplate. In sup-

port of this argument the plaintiff has submitted an affidavit from its Chairman of the Board detailing the degree of involvement Park Electrochemical had in attempts to resolve this dispute. The plaintiff also has submitted letters and other exhibits documenting Park Electrochemical's involvement in Park Nameplate's decision to continue to market the allegedly infringing product.

Although Park Electrochemical has submitted a reply affidavit denying many of the allegations of the plaintiff in this regard, this Court finds that material issues of fact remain for trial on this question. As the Second Circuit observed in *Kingston Dry Dock Co. v. Lake Champlain Transp. Co.,* 31 F.2d 265, 267 (2d Cir.1929): "One corporation may become an actor in a given transaction, or in part of a business, ... and, when it has, will be legally responsible. To become so it must take immediate direction of the transaction through its officers, by whom alone it can act at all."

Although the argument of the plaintiff in this regard would appear to be substantially weakened by the fact that Jerry Shore was also an officer of Park Nameplate, this Court finds that summary judgment would at this time be inappropriate. Resolution of this aspect of the plaintiff's argument would be better dealt with at trial, after both parties have more fully developed both the law and facts on this issue.

*Conclusion*

Summary judgment in favor of Park Electrochemical is granted as to the plaintiff's claim that the corporate identity of Park Nameplate should be disregarded, but denied as to the plaintiff's claim that Park Electrochemical is liable for its direct involvement in the transaction at issue. Fed. R.Civ.P. 56(d).[4]

---

**3.** It should also be noted here that plaintiff has had an adequate opportunity for discovery, and has made no request to continue the motion so as to acquire additional evidence of corporate control. *See Fidenas AG v. Honeywell, Inc.,* 501 F.Supp. 1029, 1033 n. 5 (S.D.N.Y.1980) ("Courts are particularly reluctant to grant summary judgment where there has been no opportunity for pretrial discovery.").

**4.** As a final matter, it should be noted that Park Electrochemical's alternative argument that it should be dismissed from the case pursuant to Fed.R.Civ.P. 21 is without merit. Rule 21 relates to "misjoinder and non-joinder of parties," and is not applicable to the situation at bar. *See Undergraduate Student Assoc. v. Peltason,* 359 F.Supp. 320, 322 (N.D.Ill.1973).