### EARLE et al. v. BRINK'S INC.

### YOUNG et al. v. UNITED STATES TRUCKING CORPORATION.

District Court, S. D. New York.
July 8, 1943.

Archibald Bromsen, of New York City (Herman Rosenfeld, of New York City, of counsel), for plaintiffs.

Burns, Currie & Walker, of New York City (Albert E. Rice, of New York City, of counsel), for defendant Brink's Inc.

John Ross Lauer, of New York City (S. Arnold Witte, of New York City, on the brief), for defendant U. S. Trucking Corporation.

CONGER, District Judge.

Defendants moved for a dismissal of each of the above-entitled actions for failure of the complaints to state claims upon which relief can be granted. So far as pertinent the complaints are identical in all essential respects. The briefs submitted by both sides contain statements of fact which do not appear on the faces of the complaints. These will be ignored and consideration will be given only to such facts as have been pleaded or of which this court may take judicial notice.

The actions were commenced under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, to recover unpaid overtime wages, liquidated damages and counsel fees. The complaints allege that the defendants were engaged in transporting money, currency, securities and other valuables from and to banks, trust companies, stock exchange houses, companies, firms, corporations and individuals engaged in interstate commerce and in the production of goods for interstate commerce; that the valuables thus transported are employed in interstate commerce and in the production of goods for interstate commerce; that the plaintiffs were employed by the defendants as chauffeurs, custodians and armed guards in the operation of automobile trucks used in such transportation; that the functions performed by them were an essential part of the business of transporting valuables to and from banks, trust companies, firms, corporations, and individuals engaged in interstate commerce and in the production of goods for interstate commerce; that these functions were necessary for interstate commerce and for the production of goods for interstate commerce; and that for the period from October 24, 1939 (amended to October 24, 1940) to and including April 10, 1943 they were employed for work weeks in excess of 40 hours without having been fully compensated in accordance with the provisions of Section 7 of the Fair Labor Standards Act, 29 U.S. C.A. § 207.

The defendants contend that it is apparent from the foregoing allegations of the complaint that the plaintiffs are covered by the provisions of Section 204, of Part II of the Interstate Commerce Commission Act, 49 U.S.C.A. § 304, familiarly known as the Motor Carrier Act, and are, therefore, exempt from the overtime provisions of Section 7 of the Fair Labor Standards Act. In this respect Section 13, subd. (b) of the Fair Labor Standards Act, 29 U.S.C.A. § 213, subd. (b), provides that

678

"the provisions of section 7 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935."

Section 204 of the Motor Carrier Act, 49 U.S.C.A. § 304, provides in subdivision (a) that it shall be the duty of the Interstate Commerce Commission to regulate common carriers and contract carriers by motor vehicle "and to that end the Commission may establish reasonable requirements with respect to * * * qualifications and maximum hours of service of employees, and safety of operation and equipment." A common carrier by motor vehicle is defined in Section 203, 49 U.S.C.A. § 303, as "any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property of any class or classes thereof for compensation, * * *." And a contract carrier by motor vehicle is defined as "any person which, under individual contracts or agreements, engages in the transportation * * * by motor vehicle of passengers or property in interstate or foreign commerce for compensation." Interstate commerce is defined as "commerce between any place in a State and any place in another State or between places in the same State through another State, whether such commerce moves wholly by motor vehicle or partly by motor vehicle and partly by rail, express, or water."

█ Nowhere in the complaint is there any allegation that the defendants are engaged in transporting either persons or property between "any place in a State and any place in another State or between places in the same State through another State." Nor are there any allegations to the effect that the money, currency, securities and other valuables transported in the trucks operated by the plaintiffs were shipped from "any place in a State and any place in another State or between places in the same State through another State." True it is not necessary under the statute that the motor vehicles operated by the plaintiffs must actually cross State lines in order to confer jurisdiction on the Interstate Commerce Commission. It is necessary, however, that the property transported in such trucks be interstate shipments. Most of the cases relied upon by the defendants are in this category. On the other hand if the transportation is purely intrastate, originating and terminating in the same State without ever crossing State lines, the Interstate Commerce Commission is without jurisdiction. See, Moses Contract Carrier Application, 4 M.C.C. 425; Surles Contract Carrier Application, 4 M.C.C. 488.

█ The fact that the complaint contains allegations to the effect that the plaintiffs were employed to transport property from and to third parties who were engaged in interstate commerce or in the production of goods for interstate commerce and allegations to the effect that the property thus transported was employed in interstate commerce and in the production of goods for interstate commerce are not sufficient upon which to conclude that the transportation was in interstate commerce within the meaning of the Motor Carrier Act. The defendants assert that the Interstate Commerce Commission has already ruled that the defendants are engaged in the transportation of property in interstate commerce and subject to its jurisdiction. See, United States Trucking Corporation Contract Carrier Application, 30 M.C.C. 41; Brink's, Incorporated Contract Carrier Application No. MC–87857. Assuming that we may take judicial notice of such rulings, the defendants fail to show that they were intended to apply to all the activities engaged in by the defendants and particularly to the activities in which the plaintiffs were employed.

It may very well be that on the trial or after defendants have had an examination before trial of the plaintiffs and others, it will be found that the nature of defendants' business and the work performed by plaintiffs for them is such as to except these plaintiffs from the overtime provisions of the Fair Labor Standards Act. It does not conclusively appear from the complaint that the plaintiffs have stated claims for which no recovery may be had. Consequently, I do not feel justified in dismissing the complaint.

Motions denied. Settle orders on notice.