■ AARON FLANZBAUM, Doing Business under the Name of DAVAAR INDUS-TRIES, LIMITED, Appellant, v. EZRA KLEIN, Doing Business under the Name of TERMINAL TRUCKING Co., Judgment Debtor, and M & M TRANSPORTATION COMPANY, Respondent.— On October 31, 1947 appellant delivered to the judgment debtor certain batteries to transport. The judgment debtor delivered them to respondent, which delivered them to the consignee in Rhode Island, where they arrived in damaged condition. On or about December 23, 1948 appellant instituted an action in contract against the judgment debtor in the United States District Court for the Eastern District of New York to recover for the damage to the batteries. On December 28, 1953 the judgment debtor instituted a third-party action against respondent, which was dismissed, on motion of respondent, because of laches and because the action was barred by the applicable Statute of Limitations. In appellant's action a judgment was entered after trial in favor of appellant against the judgment debtor. Execution was thereafter issued to the Sheriff of the City of New York, who levied on the judgment debtor's alleged cause of action against respondent. Appellant then moved, pursuant to subdivision 6 of section 687-a of the Civil Practice Act for leave to maintain the action against respondent. The motion was denied on the ground that the dismissal of the third-party complaint in the Federal court is *res judicata* as to the action now sought to be instituted, appellant having no greater rights than the judgment debtor. Order reversed, with $10 costs and disbursements, and motion granted. The judgment debtor's third-party complaint in the Federal court was brought under subdivision (11) of section 20 of title 49 of the United States Code, on the theory that the judgment debtor was a shipper and respondent an initial carrier. The action now sought to be instituted purports to be under subdivision (12) of section 20 of title 49 of the code on the theory that the judgment debtor was the initial carrier and respondent the connecting carrier. The two causes of action being different, the dismissal of the third-party complaint is conclusive only as to such matters as were actually adjudicated therein, even assuming that the dismissal of the third-party complaint was a judgment on the merits. (*Griffen* v. *Keese*, 187 N. Y. 454, 464; *Shepard Co.* v. *Taylor Pub. Co.*, 198 App. Div. 638, affd. 234 N. Y. 465.) However, the dismissal of the third-party complaint on motion was not a judgment on the merits. A cause of action dismissed on such a motion, even without leave to plead over, may be repleaded upon supplying the omissions or remedying the defects fatal to the complaint there involved. (*Joannes Bros. Co.* v. *Lamborn*, 237 N. Y. 207, 209; *Brick* v. *Cohn-Hall-Marx Co.*, 283 N. Y. 99.) Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur. [See *post*, p. 856.]