Aaron FLANZBAUM, doing business under the trade name and style of Davaar Industries Limited, Plaintiff-Appellee,

v.

M & M TRANSPORTATION COMPANY, Defendant-Appellant.

No. 135, Docket 26383.

United States Court of Appeals Second Circuit.

Argued Dec. 13, 1960.

Decided Feb. 2, 1961.

Harry Merwin, New York City (Julius Garrell, New York City, on the brief), for plaintiff-appellee.

Herbert Burstein, New York City (Seymour Teitelbaum, Brooklyn, N. Y., Zelby & Burstein, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

LUMBARD, Chief Judge.

In September 1947, the plaintiff-appellee (hereinafter Flanzbaum), delivered to one Ezra Klein, doing business as Terminal Trucking Company (hereinafter Klein), 986 war-surplus Reading automobile storage batteries to be repacked and stored in Klein's warehouse in New York City. Having entered into an agreement with an auto supplies dealer in Cranston, Rhode Island, to deliver 744 of the batteries there, Flanzbaum requested Klein to make arrangements whereby they could be shipped to Cranston. Klein had not handled interstate shipments and had no license from the Interstate Commerce Commission to transport interstate, so he hired the defendant-appellant (hereinafter M & M) to carry the batteries to Rhode Island. A form straight bill of lading was borrowed from the Baltimore & Ohio Railroad, and it was filled out by Klein on October 31, 1947, with Klein named as the carrier, Flanzbaum as consignor, and the Rhode Island purchaser as consignee. The batteries were transported by M & M and arrived in Cranston in damaged condition; they were rejected by the consignee.

Flanzbaum in 1948 sued Klein in the United States District Court for the Eastern District of New York to recover $4,719, the alleged difference between the contract price with the Rhode Island buyer and the price at which some of the damaged batteries were sold. Jurisdiction was based on diversity of citizenship, Flanzbaum being a citizen of New Jersey and Klein a citizen of New York.

It was not until the case was noticed for trial in 1953 that Klein moved to implead M & M as a third-party defendant. Leave having been granted, the third-party complaint was served on M & M on December 28, 1953. M & M moved to dismiss the third-party complaint, and, on March 16, 1954, Judge Abruzzo dismissed it on the ground that Klein was barred by "gross laches" and the statute of limitations from asserting the claim. No appeal was taken from this order.

The case then proceeded to trial before Judge Galston, sitting without a jury, and in a judgment entered on June 16, 1955, the court held Klein liable on its bill of lading for the damage to the batteries plus interest and costs, amounting in all to $6,902.62.

Execution against Klein was returned unsatisfied, however, and Flanzbaum then petitioned in the New York State Supreme Court, Queens County, for leave to sue M & M as a debtor of his judgment debtor under § 687–a, subd. 6, of the New York Civil Practice Act. Flanzbaum claimed that M & M was liable to Klein under 49 U.S.C.A. § 20(12) (the Carmack Amendment), alleging that the batteries were damaged while in the custody of M & M. The petition was denied on the ground that the earlier dismissal of the third-party complaint by Judge Abruzzo was *res judicata* and exonerated M & M from liability. On appeal to the Appellate Division for the Second Judicial Department, the decision was reversed. Flanzbaum v. Klein, 3 A.D.2d 749, 160 N.Y.S.2d 169. The Appellate Division held that the action was not barred since it said that the earlier complaint against M & M was brought under 49 U.S.C.A. § 20(11), while the present claim was based on 49 U.S.C.A. § 20(12).

Flanzbaum then began his action against M & M in the New York State Supreme Court, Queens County, and M & M, as a Massachusetts citizen, removed the action to the United States District Court for the Eastern District of New York. After M & M's motion for summary judgment and Flanzbaum's motion to strike the affirmative defenses and enter summary judgment were denied by Judge Abruzzo, the case went to trial before Judge Bruchhausen. Before hearing any evidence, the trial judge granted the motion to strike M & M's affirmative defenses on the ground that the Appellate Division, in passing on Flanzbaum's petition for leave to sue M & M under § 687–a, subd. 6, "necessarily rejected the defenses," and that determination was the law of the case and binding on the district court. He thereupon entered

judgment for the plaintiff in the amount of the damages awarded by Judge Galston in the earlier case, and, under the authority of 49 U.S.C.A. § 20(12), added $1,250 as reasonable counsel fees incurred by Klein in its defense of the earlier action, as well as interest and costs, for a total recovery of $10,502.84. M & M then appealed to this court. We think that the district court erred in holding that the New York court had determined the issue of M & M's liability.

■ All that the Appellate Division held was that Flanzbaum could sue M & M. As we understand § 687–a, subd. 6, which is set forth in the margin,[1] that provision does no more than authorize suit when there is probable cause to believe that the party on whom execution is levied is a debtor of or otherwise liable to the plaintiff's judgment debtor. The closing sentence of the subsection indicates that, on the subsequent trial, judgment may be in favor of the defendant; it is clear that the court does not determine liability upon the preliminary application under § 687–a, subd. 6. See 1952 New York Law Revision Comm'n Report

357, 365. Moreover, if the court on a § 687–a, subd. 6, proceeding must decide whether or not the party upon whose property execution has been levied is liable to the judgment debtor, there is no reason at all for any later suit. Finally, a New York court has held in Fred W. Kellerman, Inc. v. Dale Park Homes, Inc., Sup.1956, 3 Misc.2d 968, 155 N.Y.S.2d 814, that parties who are indispensable with regard to the issue of the defendant's liability to the judgment debtor need not be given notice of a proceeding under § 687–a, subd. 6. If the court were indeed finally to determine liability at that point, all indispensable parties would certainly have to be given notice and an opportunity to be heard. We hold, therefore, that the question of M & M's liability was not passed upon in the Appellate Division's decision which held merely that Flanzbaum was not barred by *res judicata* and that there was probable cause to believe that M & M's liability would be established in further proceedings.

M & M contends further that the complaint should be dismissed as a matter

1. § 687–a, subd. 6.

"6. At any time after ten days from the levy of execution upon a debt or cause of action as herein provided, the court, upon proof to its satisfaction, by affidavit or otherwise, that the person on whom execution was levied is liable or indebted to the judgment debtor named in the execution, and was so liable or indebted at the time of such levy, and that such person has failed or refused to make payment to the officer making the levy as provided herein, and upon notice given to the person on whom execution was levied and to such other persons as it may deem just may make an order authorizing the judgment creditor to maintain an action against such person for the recovery of the debtor the enforcement of the cause of action. The order may direct that the papers or proof in the possession or control of the judgment debtor and necessary in the prosecution of the action be delivered to the judgment creditor or impounded in court. The money or property recovered in the action shall be applied by the officer who made the levy toward the payment of the execution. The order or the judgment entered in the authorized action may pro-

vide for the disposition of any moneys in excess of the sum required to pay the creditor's execution, costs, disbursements and expenses allowed by the court. If property other than money is recovered in the judgment creditor's action and the property would be subject to levy under sections six hundred seventy-nine, six hundred eighty-seven or six hundred eighty-eight of this act if it belonged to the judgment debtor, it shall be delivered to the officer who made the levy and disposed of as if levied on pursuant to those sections. In the action by a judgment creditor against the debtor of the judgment debtor or person liable to the judgment debtor, notice of the pendency of the action shall be given to the judgment debtor, in such manner as the court directs, and the judgment debtor may intervene in the action as a party. Costs shall be awarded as prescribed by law; but if judgment be in favor of the judgment creditor and against the debtor of or person liable to the judgment debtor, and the debtor of or person liable to the judgment debtor did not dispute the indebtness or liability, then costs are not to be awarded against the debtor of or person liable to the judgment debtor."

of law on the ground that no liability on the part of M & M can here exist under the Carmack Amendment. 49 U.S.C.A. § 20(12) provides:

"The common carrier, railroad, or transportation company issuing such receipt or bill of lading, or delivering such property so received and transported, shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained, the amount of such loss, damage, or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof, and the amount of any expenses reasonably incurred by it in defending any action at law brought by the owners of such property."

"Such receipt" refers to the receipt provided for in § 20(11), which must be issued by any carrier "subject to the provisions of this chapter." M & M maintains that Klein, not being a motor carrier engaged in interstate commerce within the definitions of 49 U.S.C. §§ 303 (a) (14), (15), or (17), could not issue the bill of lading prescribed by § 20 (11), and therefore could not have been held liable under that section or be entitled to indemnification under § 20(12).

■ Upon the papers before the district judge and before us, however, we cannot say whether Klein did or did not come within the definitions prescribed by §§ 303(a) (14), (15), or (17). In order to carry out the broad remedial purposes of the Motor Carrier Act and of the Carmack Amendment, these definitions should be liberally construed so as to affect nearly all interstate shipments even if the initial carrier does not cross a state line. Earle v. Brinks, D.C.S.D.N.Y.1943, 54 F.Supp. 676. We do not now decide whether Klein could recover against M

& M under 49 U.S.C.A. § 20(12), since this issue hinges on a more thorough examination of the facts than was permitted in the proceedings below. Nor do we now decide whether the earlier action brought by Flanzbaum against Klein was brought under 49 U.S.C.A. § 20(11), or whether, if its claim was not then based on the Carmack Amendment, a suit may now be brought under § 20(12).

■■ We do, however, hold that the district judge erred in deciding that M & M was bound by Judge Galston's findings of fact in the earlier suit by Flanzbaum against Klein. The complaint which sought to bring in M & M as a party was dismissed. Not having been a party to the earlier action, M & M is not bound by any adjudication made therein. Liberty Mutual Insurance Co. v. George Colon & Co., 1932, 260 N.Y. 305, 183 N.E. 506. Nor is there any merit to Flanzbaum's contention that M & M is bound because it was vouched in to the earlier action. It is only if proof of the same facts which established Flanzbaum's cause of action and entitled him to relief against Klein would also establish Klein's right to indemnification from M & M that M & M could be bound because it was vouched in to the earlier suit. See Municipal Service Real Estate Co. v. D. B. & M. Holding Corp., 1931, 257 N.Y. 423, 427, 178 N.E. 745, 78 A.L.R. 323. But Klein was held liable because the damaged condition of the batteries as delivered violated its obligation under the bill of lading. The finding that the damage occurred while the batteries were in the custody of M & M was a necessary condition for the obligation to indemnify, but it need not have been made to establish Klein's liability. M & M should be given an opportunity to contest this allegation in a suit to which it is properly made a party.

The judgment below is reversed and the case remanded for further proceedings.