**UNITED TRANSPORTATION UNION LOCAL 759, Joseph Frierson, George Service, A. Mercedat, W. Mills, M. Acevedo, Ronald Hampton, J. Sherman, Norma Chancey, E. Acevedo, Blair Olds, Malley Shaw, Calvin Burris, T. Rodriguez, Luis G. Lugardo, L. Debreaux, Nelson Manzano, J. Spann, L. Glenn, L. Hinton, Kevin Smith, E. Anderson, D. Pierre, Elois Anderson, Leroy Glenn, Gregory Morrison, Charles Smith, Q. Daniel, L. Charles, Eugene Vick, K. Thorpe, E. Rodriguez, J. Beniot, W. Hughes, I. Culver, E. Glover, C. Francois, J. Mickens, C. Smith, R. Whitmore, C. Hayes, L.A. Lugardo, E. Gladden, J. Logan, E. Felder, Z. Shivers, G. Sutton, I. Rosa, F. Chong, E. Bowen, W. Bland, L. Lightsey, G. Loaiza, D. Fullard, A. Jones, J. Gabriel, H. Shepard, F. James, J. Henry, R. Johnson, P. Tamba, R. Funnye, J. Loperena, Emislair Rosalva, N. Jackson, C. Hall, R. Camron, J. Henderson, C. Small, S. Bailey, M. Pemberton, M. Washington, and Similarly Situated Bus Drivers, 14600 Detroit Avenue, Cleveland, Ohio 44107, Plaintiffs,**

v.

**ORANGE NEWARK ELIZABETH BUS, INC., d/b/a One Bus Company, 889 Frelinghuysen Avenue, Newark, New Jersey 07114, Defendant.**

No. Civ.A. 98–3510.

United States District Court,
D. New Jersey.

Aug. 22, 2000.

Timothy R. Hott, Timothy R. Hott, P.C., Jersey City, NJ, for plaintiffs.

Mark E. Tabakman, Gayle C. Winthjen, Grotta, Glassman & Hoffman, Roseland, NJ, for defendant.

*OPINION*

HOCHBERG, District Judge.

Plaintiffs, United Transportation Union Local 759 and individual employees of Defendant. Orange Newark Elizabeth Bus, Inc., d/b/a ONE Bus Company ("ONE Bus"), filed a complaint on July 27, 1998, alleging that ONE Bus failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq* . On May 25, 1999, this Court denied ONE Bus' motion to dismiss without reaching the merits of the case. The instant action comes before this court on cross motions for summary judgment. This Court has reviewed the submissions of the parties without oral argument, pursuant to Fed.R.Civ.P. 78. For the reasons stated below. Defendant ONE Bus' motion for summary judgment is granted, and Plaintiffs' summary judgement motion is denied.

## I. STATEMENT OF FACTS

Plaintiffs are current or former bus drivers for ONE Bus. ONE Bus is a private corporation headquartered in Newark, New Jersey. ONE Bus operates local passenger bus routes in Orange, Newark, and Elizabeth, New Jersey. ONE Bus operates only in New Jersey. ONE Bus transports passengers to train stations and other bus companies' routes, which provide service outside of New Jersey to points in New York, Pennsylvania, Washington, D.C., and New England. ONE Bus has not paid Plaintiff bus drivers over-time, at a rate not less than one and one-half the regular rate at which they were employed, for time worked in excess of forty hours in a week.

ONE Bus holds a common carrier certificate, No. MC–2062227–C, issued by the Interstate Commerce Commission ("ICC"), which it has held since March 7, 1988.[1]

---

1. The ICC was disbanded in 1995, and was replaced by the Federal Highway Administra-

tion, the arm of the United States Department of Transportation responsible for the over-

The certificate was revoked on April 2, 1997 and was not reinstated until August 20, 1998. ONE Bus asserts that this was the result of a clerical error by an insurance broker, and not an indication of a lack of ICC jurisdiction. Moreover, ONE Bus claims that the company continued to follow all pertinent United States Department of Transportation ("DOT") regulations even during the revocation period. In support of this contention, ONE Bus points out that all ONE Bus drivers receive a copy of the Federal Motor Carrier Safety Regulations and sign an acknowledgment of receipt. Drivers must submit an application for employment, meet driver's license requirements, submit motor vehicle reports, conduct road tests, receive annual driving history reviews, submit to physical exams and controlled substance and alcohol tests, and follow other regulations imposed by the Federal Motor Carrier Safety Act ("MCSA").[2]

Since 1987, ONE Bus has participated in the New Jersey Transit Bus Card Program, which includes the Interstate Bus Pass system. This is a ticketing arrangement by which individuals boarding ONE Bus company buses may use the same bus pass for a ride on another carriers' interstate bus traveling to New York. ONE Bus also participates in the New Jersey Transit "Feeder Fare" program, where New Jersey Transit passes may be used for both interstate rail transportation and a discounted fare on ONE Bus.

On July 27, 1998, Plaintiffs filed suit in this Court, alleging a violation of the overtime provisions of the FLSA, 29 U.S.C. § 207(a)(1). In response, Defendant ONE Bus contends that it is exempt from the overtime provisions codified at 29 U.S.C. § 213(b)(1), because it is covered by DOT regulations, pursuant to Section 204 of the MCSA.

## II. STANDARD OF REVIEW

Pursuant to Rule 56(c), a motion for summary judgement will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, "[s]ummary judgement may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *See Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir.1994).

Substantive law controls the inquiry into which facts are "material." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. An issue is "genuine" if a reasonable jury could decide the issue in the nonmovant's favor. *Id.* Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.; accord Ridgewood Bd. of Educ. v. M.E.*, 172 F.3d 238, 252 (3d Cir.1999) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

The party seeking summary judgment always bears the initial burden of production. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. This requires the moving party to establish either that there is no genuine issue of fact and that the moving part must prevail as a matter of law, or to

---

sight of federal highways. The Secretary of Transportation oversees the Federal Highway Administration.

**2.** The Federal MCSA, administered by the DOT, regulates carriers operating in interstate transportation and pre-empts the FLSA where the two acts conflict.

demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *See Id.* at 322–23, 106 S.Ct. 2548. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Miller,* 843 F.2d at 143; *see also Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548.

At the summary judgement stage, this Court neither weighs the evidence nor makes credibility determinations; these tasks are the sole responsibility of the factfinder. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Therefore, to demonstrate a genuine issue of material fact, the summary judgement opponent need not produce evidence so strong that a decision in its favor is mandated. Rather, the party opposing summary judgment must adduce "evidence on which the jury could reasonably find for the [nonmovant]." *Id.* at 252, 106 S.Ct. 2505. "The mere existence of a scintilla of existence in support of the [nonmovant's] position will be insufficient." *Id.; see also In re Headquarters Dodge v. General Motors Corp.,* 13 F.3d 674, 679 (3d Cir.1993). "Speculation and conclusory allegations do not satisfy this duty." *Ridgewood Bd. of Educ.,* 172 F.3d at 252 (*citing Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995)).

It is clear that if a moving party satisfies its initial burden of establishing a *prima facie* case for summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Instead, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587, 106 S.Ct. 1348 (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

## III. DISCUSSION

This case turns on whether Defendant, ONE Bus, is regulated by the provisions of the FLSA or by the provisions of the MCSA. It is well settled that a single employer cannot be subject to both Acts; where the DOT is empowered by the MCSA to establish the maximum number of hours an employee can work. DOT jurisdiction supercedes the DOL's authority under the FLSA. *Morris v. McComb,* 332 U.S. 422, 437–38, 68 S.Ct. 131, 92 L.Ed. 44 (1947); *Levinson v. Spector Motor Service,* 330 U.S. 649, 661–62, 677, 67 S.Ct. 931, 91 L.Ed. 1158 (1947); *Friedrich v. U.S. Computer Services,* 974 F.2d 409 (3d Cir.1992). Where motor carriers operate interstate, the DOT is responsible for promulgating the maximum number of hours in an employee workday. In this case, the sole question before this Court is whether Defendant is exempt from the overtime pay provision of the FLSA because it is covered by the DOT. Plaintiffs contend that they are entitled to overtime pay under the FLSA. Defendant responds that it is exempted from the overtime pay provisions of the FLSA.

The FLSA provides, in relevant part, that "[t]he provisions of section 207 of this title shall not apply with respect to—(1) any employee with respect to whom the Secretary of Transportation has power to establish qualification and maximum hours of service pursuant to the provision of section 31502 of Title 49;". 29 U.S.C. § 213(b)(1). 49 U.S.C. § 31502 indicates that it applies to "transportation described in sections 13501 and 13502 of this title;" and 49 U.S.C. § 13501 provides, in relevant part.

> "The Secretary [of Transportation] and the Board have jurisdiction [ ] over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier—

(1) between a place in—(A) a State and a place in another State; (B) a State and another place in the same State through another State . . .".

The Department of Labor has attempted to clarify which employers are exempt from the overtime pay provisions of the FLSA by virtue of their status as motor carriers under the jurisdiction of the Department of Transportation. The DOL guidelines indicate that employees who

"(1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to [DOT] jurisdiction under section 204 of the [MCSA] and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the pubic highways of passengers or property in interstate or foreign commerce within the meaning of the [MCSA],"

are not entitled to overtime pay under the FLSA. 29 C.F.R § 782.2 (internal citations omitted); *see also Levinson,* 330 U.S. at 661, 665–66, 673, 67 S.Ct. 931.

■ Reading the above provisions together, ONE BUS is exempt from the overtime pay provisions of the FLSA if it can show that the Plaintiff drivers; (1) engage in activities affecting the safe operation of a motor carrier; (2) operate a motor carrier in interstate commerce; and (3) are therefore subject to DOT jurisdiction by virtue of 49 U.S.C. § 13501.

### Safe Operation

Plaintiff drivers concede that they are engaged in activities which affect the safe operation of a motor carrier. Therefore, prong one of the above test has been satisfied.

### Interstate Commerce

Defendant admits that its drivers operate vehicles only in the state of New Jersey. However, Defendant asserts that its participation in through-ticketing arrangements qualifies it as a motor carrier operating in interstate transportation.

ONE Bus participates in two programs which result in the convergence of interstate and intrastate transportation. The New Jersey Transit Interstate Bus Pass entitles the passenger who purchases the pass to transportation within the state of New Jersey by ONE Bus. The same pass also entitles the passenger to prior or subsequent transportation between the states of New Jersey and New York on a bus owned by another carrier. The "Feeder Fare" program entitles passengers who hold a ONE Bus ticket to reduced rates on buses or trains providing transportation between Newark International Airport in New Jersey and the Port Authority Terminal in New York. Passengers who participate in the Feeder Fare program are also entitled to discount tickets on Amtrak trains traveling throughout the United States.

This Court must determine whether the aforementioned ticketing arrangements are activities which, "relate directly to the transportation of materials moving in interstate or foreign commerce within the meaning of the [MCSA]." 29 C.F.R. § 782.7(a). Under the MCSA, motor vehicle transportation is interstate, "if what is being transported is actually moving in interstate commerce . . ." 29 C.F.R. § 782.7(b)(1). These regulations reveal that transportation by motor vehicle may be interstate even where the vehicle does not cross state lines, so long as the passengers or cargo is in the process of interstate travel. Essentially, interstate transportation occurs whenever the transportation is part of a "practical continuity of movement," across State lines. *Id.* "[W]here it appears that a motor carrier employee is engaged as a driver . . . in transportation by motor vehicle which, although confined to a single State, is a part of an interstate movement of the goods or persons being thus transported so as to constitute interstate commerce within the meaning of the [FLSA]," that employee is not covered by the overtime pay provision of the FLSA. *Id.*

Case law establishes that "[t]he fact that several different and independent agencies are employed in transporting the commodity, some acting entirely in one state, and some acting through two or more States, does in no respect affect the character of the transaction." *The Daniel Ball*, 10 Wall. 557, 77 U.S. 557, 565, 19 L.Ed. 999 (1870). Indeed, "[i]t is elemental that a carrier is engaged in interstate commerce ... even though the route of the particular carrier is wholly within one state ... 'Through' is not to be confused with purely 'local' traffic not destined for points outside the state of origin." *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 528 F.2d 1042, 1044 (5th Cir.1976); *see also Earle v. Brink's, Inc.*, 54 F.Supp. 676, 678 (S.D.N.Y.1943) ("[I]t is not necessary under the [MCSA] that the motor vehicles operated by the plaintiffs must actually cross State lines in order to confer jurisdiction on the [DOT].").

The Supreme Court crystallized the common law definition of interstate transportation in *United States v. Capital Transit Co.* 325 U.S. 357, 65 S.Ct. 1176, 89 L.Ed. 1663 (1945). *Capital Transit* involved the transportation of military personnel from their homes in one state to their place of work in a neighboring state. The Supreme Court explained:

> "Their interstate journey to work actually began at the time they boarded a Transit but or streetcar near their home, and actually ended when they alighted from the Virginia going bus at their place of work. On returning from work their interstate journey actually began when they boarded a bus near their work and actually ended when they alighted from a Transit streetcar or bus near their home. True, their interstate trip was broken at the District termini of the Virginia buses.... But in the commonly accepted sense of the transportation concept, their entire trip was interstate."

*Id.* at 363, 65 S.Ct. 1176 (*citing, Baltimore & O.S.W.R.R. Co. v. Settle*, 260 U.S. 166,

43 S.Ct. 28, 67 L.Ed. 189); *see also Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568, 63 S.Ct. 332, 87 L.Ed. 460 (1943) (a "temporary pause in their transit does not mean that they are no longer 'in commerce.' "); *Southerland Tours v. St. Croix Taxicab Ass'n*, 315 F.2d 364, 368–69 (3d Cir.1963) (Where passengers pre-arrange their complete travel, including intrastate transportation to the airport via taxi, as part of a pre-paid vacation package, those passengers "[are] in the stream of commerce from the time they [leave] their homes until they return[ ] home again."). Under this analysis, ONE Bus's intrastate transportation of passengers using a single ticket for inter and intra state travel is sufficient to place ONE Bus in interstate transportation and exempt it from the overtime pay provisions of the FLSA.

An opinion letter from the Wage and Hour Division of the DOL, which is based on a DOT ruling issued July 8, 1974, specifies the type of intrastate transportation the agencies view as sufficient to bring an employer within the interstate transportation definition.

> "Section 204 does not apply merely because the operator makes stops at airports, railroad stations or bus depots and picks up passengers who have had or will have a prior or subsequent interstate journey. The only case in which section 204 would apply to a local bus operation transporting passengers who have made or will make a prior or subsequent journey across a State line is one in which there is a through ticketing arrangement under which the passengers purchase a single ticket which is good for both the local bus ride and the prior or subsequent interstate journey by air, rail, or bus."

1999 WL 1002358 (DOL WAGE–HOUR) (January 22, 1999). Both the DOL and the DOT agree that when a passenger is able to use a single ticket for interstate and intrastate travel, the passenger intends to travel interstate. The carriers, regardless of whether they operate exclu-

sively intrastate, are an integral part of the "practical continuity of movement" of the passengers across state lines. As such, the carriers who participate in through-ticketing arrangements are involved in interstate transportation.

In this case, ONE Bus participates in a typical through ticketing arrangement because it accepts the New Jersey Transit Interstate Bus Pass, which entitles to the passenger to bus transportation in New Jersey and between New Jersey and New York. The percentage of ONE Bus passengers who are using the New Jersey Transit Interstate Bus Pass is irrelevant. "It is the character of the activities rather than the proportion of either the employee's time or of his activities that determines the actual need for the [DOT's] power to establish reasonable requirements with respect to qualifications, maximum hours of service, safety of operation and equipment." *Levinson,* 330 U.S. at 674–75, 67 S.Ct. 931; *accord Morris,* 332 U.S. 422, 431–32, 68 S.Ct. 131, 92 L.Ed. 44 (1947); *see also Thomas v. Wichita Coca–Cola Bottling Co.,* 968 F.2d 1022, 1025–26 (10th Cir.1992). Therefore, even if ONE Bus drivers only transport a very small number of passengers engaging in interstate transportation. *Morris, Levinson,* and *Capital Transit* all require the conclusion that those drivers are engaged in interstate transportation.

Where the DOT and the DOL are in agreement on the interpretation of the FLSA or the MCSA, the agencies' interpretations are entitled to great deference. Here, the DOT, the DOL, and the common law all indicate that where an employer participates in a through-ticketing arrangement resulting in interstate travel, that employer is engaged in interstate transportation within the meaning of the FLSA and the MCSA. Because the New Jersey Transit Interstate Bus Pass is a through-ticketing arrangement resulting in interstate travel. ONE Bus meets prong two of the exemption test.

*DOL Jurisdiction*

The Secretary of Transportation has pre-emptive jurisdiction over common carriers not only where it actually exercises its authority, but also in cases where it has the potential to exercises authority. "It is not necessary, as a condition precedent, to find that the Commission has exercised, or should exercise, such power by actually establishing qualification and maximum hours of service with respect to loaders in general ... The existence of the power is enough." *Levinson v. Spector Motor Service,* 330 U.S. at 678, 67 S.Ct. 931. "... [I]t is the existence of that power [ ] that Congress has made the test as to whether or not s 7 of the [FLSA] is applicable to these employees." *Morris,* 332 U.S. at 434, 68 S.Ct. 131; *see also Friedrich,* 974 F.2d 409, 416 (3d Cir.1992).

49 U.S.C. § 13501 provides that passenger motor carriers operating in interstate commerce are covered by the DOT. It is undisputed that ONE Bus is a motor carrier, and its acceptance of the New Jersey Interstate Bus Pass is a sufficient basis for this Court to find that ONE Bus operates in interstate transportation and, therefore, under the jurisdiction of the DOT. The third and final prong of the exemption test is satisfied.[3]

3. Plaintiffs contend that the revocation of ONE Bus' Common Carrier Certificate for a period of approximately seventeen months is evidence of the DOT's lack of jurisdiction over ONE Bus. The record reveals that ONE Bus' Certificate was revoked because of a clerical error. At all times during the revocation period. ONE Bus continued to comply with DOT regulations and to pay insurance premiums. While this Court recognizes the importance of a valid Certificate, there is no reason to conclude that the revocation of a Certificate based on a clerical error jeopardizes DOT jurisdiction. This is especially true because the DOT has been charged with ensuring safety on the roadways. This Court will not hold that carriers are outside the scope of DOT jurisdiction simply because of an inadvertent clerical error. Moreover, while the mere possession of a Common Carrier Certificate is not sufficient to confer jurisdiction on the DOT, the DOT's active exercise of authority

## CONCLUSION

For the foregoing reasons Defendant's motion for summary judgment is granted and Plaintiffs' motion for summary judgment is denied. An appropriate Order will issue.

over ONE Bus, and ONE Bus' concomitant compliance with DOT rules and regulations does evidence DOT authority. *Thomas v. Wichita Coca–Cola Bottling Co.* 968 F.2d 1022, 1026 (10th Cir.1992); *Brennan,* 540 F.2d 1200, 1204 (4th Cir.1976) ("[w]e are reinforced as to the soundness of this conclusion by the fact that the Secretary [of Transportation] has already exercised this power . . ."); *Friedrich,* 974 F.2d at 415 (DOT's failure to regulate light weight vehicles is not evidence that DOT does not have, or is surrendering, jurisdiction).