**Robert Wade SPEARS, Plaintiff,**

v.

**PRESTON REFRIGERATION COMPANY, INC.,
Defendant.**

No. 00–6148–CV–SJ–2.

United States District Court,
W.D. Missouri,
St. Joseph Division.

March 22, 2002.

David Michael Kight, Shughart Thomson & Kilroy, Kansas City, for Preston Refrigeration (dft).

W. Terrence Kilroy, Shughart, Thomson & Kilroy, Kansas City, for Preston Refrigeration (dft).

Brandon C. Potter, Whiteaker & Wilson, P.C., Springfield, for Robert Wade Spears (pla).

Raymond E. Whiteaker, Whiteaker & Wilson, P.C., Springfield, for Robert Wade Spears (pla).

**ORDER**

GAITAN, District Judge.

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 25). Together with said motion are defendants' suggestions in support (Doc. No. 26), plaintiff's suggestions in opposition (Doc. No. 32), defendants' reply suggestions (Doc. No. 35), and all accompanying exhibits and affidavits.

**I.  Background.**

The instant suit was commenced on December 22, 2000, and is brought pursuant to the Fair Labor Standards Act, *29 U.S.C. § 201, et seq.* Plaintiff "was an employee of Defendant Preston on or about September 22, 1996, to November 7, 2000." (Doc. No. 1 ¶ 6). For purposes of summary judgment, defendant concedes plaintiff's employment status. While working for defendant, it was often necessary for plaintiff to engage in interstate travel. To complete this travel, plaintiff drove his own truck that was equipped with a welding rig. Plaintiff asserts that defendant failed to render overtime compensation for hours worked in excess of the statutory maximum as stated in *29 U.S.C. § 207(a)(1).*

Defendant asserts that the appropriate statute of limitations is two years, and

defendant seeks summary judgment on the ground that plaintiff's claim is barred by the Motor Carrier exemption to the Fair Labor Standards Act.

## II. Summary Judgment Standard.

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. *Fed.R.Civ.P. 56(c)*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–590, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. *Matsushita*, 475 U.S. at 586–90, 106 S.Ct. 1348.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. *Fed.R.Civ.P. 56(e)*; *Lower Brule Sioux Tribe v. South Dakota*, 104 F.3d 1017, 1021 (8th Cir.1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. *Lower Brule*, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. *Id.* Rather, "the disputes must be outcome determinative under prevailing law." *Id.* (citations omitted). Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548.

## III. Discussion.

### A. Statute of Limitations.

As a preliminary matter, the Court is satisfied that the proper statute of limitations to be applied in the instant suit is two years. *29 U.S.C. § 255(a)*. Plaintiff has made no showing that defendant's alleged violation of the Fair Labor Standards Act (FLSA) was willful. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–134, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (stating that the plain language of *29 U.S.C. § 255(a)* requires a showing that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute).

### B. Motor Carrier Exemption.

"It is well settled that a single employer cannot be subject to both [the Fair Labor Standards Act (FLSA) and the Motor Carrier Safety Act (MCSA)]; where the Department of Transportation is empowered by the MCSA to establish the maximum number of hours an employee can work, Department of Transportation jurisdiction supercedes the Department of Labor's authority under the FLSA." *United Trans. Union Local v. Orange Newark Elizabeth Bus Co.*, 111 F.Supp.2d 514, 517 (D.N.J. 2000) (citing *Morris v. McComb*, 332 U.S. 422, 437–38, 68 S.Ct. 131, 92 L.Ed. 44 (1947); *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 661–62, 67 S.Ct. 931, 91 L.Ed. 1158 (1947); *Friedrich v. U.S. Computer Serv.*, 974 F.2d 409 (3d Cir.1992)).

Section 207 of the FLSA governs payment of overtime compensation, but § 207 is subject to exceptions, such as the following:

> The "motor carrier" exemption to the FLSA exception provides in pertinent part: "(b) The provisions of section 207 of this title [the FLSA] *shall not apply* with respect to—(1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 [formerly section 3102] of Title 49" *29 U.S.C. § 213(b)(1)* (emphasis added).
>
> Section 31502, "requirements for qualifications, hours of service, safety and equipment standards" provides: (b) Motor carrier and motor private carrier requirements.—The Secretary of Transportation may prescribe requirements for—(1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualification and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation. *49 U.S.C. § 31502.*

*McGuiggan v. CPC Int'l, Inc.,* 84 F. Supp 2d 470, 480 (S.D.N.Y.2000) (alteration and emphasis in original).

Further, "[a]n employee of a private motor carrier is subject to the power of the Secretary of Transportation, and therefore exempt from the FLSA, if the employee in the performance of his duties moves goods [or acts in furtherance of a commercial enterprise] in interstate commerce and affects the safe operation of motor vehicles on public highways." *Foxworthy v. Hiland Dairy Co.,* 997 F.2d 670, 672 (10th Cir.1993). It is undisputed that plaintiff's work caused him to consistently travel between states on public highways. Further,

the proper test in determining if an employee's acts affect safety "is whether an employee performs any duties which substantially affect the safety of operation" of the vehicle. *Yellow Transit Freight Lines, Inc. v. Balven,* 320 F.2d 495, (8th Cir. 1963). Plaintiff is the owner and driver of a one ton truck fitted with a welding rig. Plaintiff used this truck on the public highways to complete the work that is the subject of the instant suit. (Doc. No. 34 ¶ B.1). Consequently, plaintiff's duties substantially affected the safety of operation of the motor vehicle.

Defendant asserts that it is a motor private carrier. A motor private carrier is statutorily defined as a person "transporting property by motor vehicle when—(A) the transportation is as provided in section 13501; ... (B) the person is the owner, lessee, or bailee of the property being transported; and (C) the property is being transported ... to further a commercial enterprise." *49 U.S.C. § 13102(13).* Section 13501 provides general jurisdiction to the Secretary of transportation over interstate transportation.

In the instant case, interstate transport was by motor vehicle and was in furtherance of a commercial enterprise; however, plaintiff in defense of summary judgment contends that he was not the lessor and defendant was not the lessee of plaintiff's truck and welding rig. Despite his present contention, plaintiff admitted in his sworn deposition testimony that from 1997 to 2000 his hourly compensation was based on a rate for rental of his equipment and a rate for his labor. (Spears Depo. pp. 96–100). Plaintiff's affidavit submitted in defense of summary judgment does not suffice to create issues of material fact when said affidavit directly controverts prior admissions. Consequently, given the circumstances of the instant suit, defendant is exempt from compensating plaintiff for

overtime pursuant to the motor private carrier exception to the FLSA. Therefore, the instant case presents no issues of material fact, and defendant is entitled to judgment as a matter of law.

Accordingly, for the above stated reasons, it is hereby ORDERED that:

1) Defendant's Motion for Summary Judgment (Doc. No. 25) is GRANTED; and

2) all outstanding motions are DENIED as moot.